# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MITCHELL SMITH,**

      **Plaintiff,**

v.                                                 **Civil Action No. 1:13-cv-266**
                                                         **The Honorable Irene M. Keeley**

**METSO PAPER USA, INC., d/b/a**
**METSO POWER, a foreign corporation,**

      **Defendant.**

## ORDER/OPINION

This matter is before the Court pursuant to Defendant's "Motion to Compel Deposition of Plaintiff's Expert, Mr. Grenz, and for Expedited Consideration," filed on August 14, 2014. (Docket No. 49.) The motion was referred to the undersigned by United States District Judge Irene M. Keeley on August 15, 2014. (Docket No. 52.) That same day, the undersigned granted Defendant's motion in part as to the request for expedited consideration and ordered that Plaintiff file a response on or before Wednesday, August 20, 2014. (Docket No. 53.) Plaintiff filed a response on August 20, 2014. (Docket No. 55.) On August 22, 2014, counsel for the parties appeared before the undersigned via telephone for a hearing on Defendant's motion.

### I.   Relevant Procedural History

On November 18, 2013, Plaintiff filed a Complaint against Defendants in the Circuit Court of Marion County, West Virginia, alleging a claim of deliberate intent pursuant to W. Va. Code § 23-4-2(d)(2)(i) & (ii), after he suffered injury as an employee of Defendant Metso Paper. (Docket No. 1-1.) The matter was removed to this Court by Defendants on December 20, 2013. (Docket No. 1.) On December 27, 2013, Defendants filed a motion to dismiss and memorandum in support.

(Docket Nos. 4 and 5.) On January 10, 2014, Plaintiff filed an Amended Complaint (Docket No. 8) as well as a response to Defendants' motion to dismiss (Docket No. 10). Plaintiff also filed a notice of voluntary dismissal of Defendants Hanns Von Schmidt, Claude Satterfield, and Daniel Mayfield. (Docket No. 9.) On January 17, 2014, Judge Keeley denied the motion to dismiss as moot given the filing of the Amended Complaint and the dismissal of the individual Defendants. (Docket No. 13.) On January 24, 2014, Defendant filed a motion to dismiss the amended complaint (Docket No. 15), to which Plaintiff responded on February 7, 2014 (Docket No. 21). Judge Keeley denied the motion to dismiss the amended complaint on April 10, 2014. (Docket No. 26.)

As to discovery, on January 31, 2014, Judge Keeley entered a Scheduling Order, directing that Plaintiff provide his expert disclosures by July 14, 2014, that Defendant provide expert disclosures by September 3, 2014, and that rebuttal expert disclosures be provided by September 21, 2014. (Docket No. 20 at 2.) Discovery was to be completed by December 1, 2014. (Id.) Daubert motions were to be filed by October 3, 2014. (Id.) On July 25, 2014, Plaintiff filed an extension of time to file his expert witness disclosure out of time (Docket No. 40), to which Defendant filed a response in opposition on July 30, 2014 (Docket No. 42). On July 31, 2014, the parties appeared for hearing on Plaintiff's motion. Judge Keeley granted the motion and ordered Plaintiff to make expert disclosures by August 8, 2014 and Defendant to make expert disclosures by September 8, 2014. (Docket No. 44.) Plaintiff filed his expert witness disclosure on August 8, 2014, identifying, *inter alia*, Donovan Grenz. (Docket No. 48.)

Having failed in "good faith negotiations," Defendant filed the instant motion to compel.

## II.     Contentions

In its motion, Defendant requests that the Court enter "an Order pursuant to Rule 37(a)

2

compelling Plaintiff Smith to produce his proffered expert no later than August 27, 2014, for deposition as authorized by Rule 26(b)(4)(A)." (Docket No. 49 at 7.) Defendant states that during the July 31, 2014 hearing before Judge Keeley, Defendant "made clear its need and its intent to conduct the depositions of plaintiff's experts in advance of the deadline for [Defendant] to counter-designate experts as permitted by Rule 26(b)(4)(A)." (Id. at 1.) Defendant argues that Plaintiff's "refusal to make Mr. Grenz available until after [Defendant] designates its experts is particularly unfair and prejudicial." (Id. at 3.) Specifically, Defendant argues that the Court should compel Plaintiff to produce Mr. Grenz for deposition so that Defendant can:

1. "identify on the record the scope and basis of each of Mr. Grenz' opinions so that [Defendant's] counter-designations may address each as appropriate"; and

2. "establish, on the record, a baseline that distinguishes–for purposes of *Daubert* any for purposes of any future dispute over [Plaintiff's] ability to supplement Mr. Grenz' report–the opinions and bases held by Mr. Grenz at the time of his disclosure from any post-disclosure after-acquired knowledge that he may seek to use to bolster, change or add to his previously formed opinions."

(Id. at 6.)

In its opposition, Plaintiff states that "compelling the deposition of Mr. Grenz prior to Defendant's September 8, 2014, expert witness disclosure deadline is unnecessary and not contemplated by the Federal Rules." (Docket No. 55 at 3.) Plaintiff further argues that "Defendant's two stated purposes are fulfilled by Plaintiff's Expert Witness Disclosure on August 8, 2014, and the nine-page report . . . of the opinions of Plaintiff's industrial safety expert, Donovan Grenz, which makes Defendant's Motion . . . unnecessary and its relief sought prejudicial to Plaintiff." (Id.) Overall, Plaintiff asserts that "Defendant's two stated purposes . . . are already fulfilled, as are the

3

requirements and purpose of Fed. R. Civ. P. 26(a)(2), by the safety opinions of Mr. Grenz, as contained in his report disclosed on August 8, 2014 . . . , and by Plaintiff's offer for Mr. Grenz to be deposed on September 15 and September 18, 2014, prior to the Court's October 3, 2014, deadline for *Daubert* motions." (Id. at 6.)

### III.   Analysis

Under Fed. R. Civ. P. 26(b)(4)(A), "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided." Furthermore, "methods of discovery may be used in any sequence", and "discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(2)(A)-(B). Under the Rules, "'there is no rule of discovery priority.'" Carman v. Bayer Corp., No. 5:08-CV-148-FPS, 2009 WL 1919049, at *2 (N.D. W. Va. July 1, 2009) (quoting Convermat Corp. v. St. Paul Fire & Marine Ins., No. CV-06-1045(JFB)(AKT), 2007 WL 2743679, at *1 (E.D.N.Y. Sept. 18, 2007)). "While interrogatory and document discovery are often completed prior to depositions, 'this is certainly not a hard and fast rule, and the sequence of discovery is at the discretion of the trial judge.'" Id. (quoting Convermat, 2007 WL 2743679, at *2).

Fed. R. Civ. P. 26(a)(2)(D) provides that "[a] party must make [expert witness] disclosures at the times and in the sequence that the court orders." As noted above, Judge Keeley's Scheduling Order provided for the following disclosure dates relevant to expert witnesses:

- Plaintiff's Expert Disclosure        July 14, 2014
- Defendant's Expert Disclosure      September 3, 2014
- Rebuttal Expert Disclosure         September 21, 2014

4

- Daubert Motions        October 3, 2014

- Daubert Response       October 17, 2014

- Daubert Hearing        October 31, 2014

- Completion of Discovery   December 1, 2014

By summary order after a hearing on Plaintiff's motion to extend the time to file expert witness reports, Judge Keeley extended Plaintiff's expert witness disclosure date to August 8, 2014 and Defendant's expert witness disclosure date to September 8, 2014. (Docket No. 44.) No other changes were made to the Scheduling Order. The Order does not state anything with respect to when Defendant may schedule and take Plaintiff's expert witness deposition. The Order simply provides for completion of discovery by December 1, 2014.

The law does not support Defendant's contention that the deposition of Plaintiff's disclosed expert must take place before Defendant is required to disclose its expert. Certainly, Defendant is entitled to schedule and take Grenz's deposition. Certainly, Defendant has a right to schedule the deposition whenever it wants. There is no provision in the law prohibiting Defendant from choosing the sequence it wants relative to scheduling the deposition of Grenz. However, the scheduling order dictates when Defendant must disclose its expert.

Defendant cannot schedule the deposition of Grenz when it knows counsel for Plaintiff is unavailable. According to the emails attached to Defendant's motion, Plaintiff's counsel, Adam McCoy, emailed Defendant's counsel, David Kelleher, on Friday, August 8, 2014 to offer deposition dates for Mr. Grenz. Those dates included August 25, 2014, September 15 and 18, 2014, and September 29-October 3, 2014. Subsequently, also on August 8, 2014, Mr. Kelleher wrote to Mr. McCoy requesting that Mr. Grenz reserve August 25, 2014 for his deposition. The following

5

Monday, August 11, 2014, Mr. McCoy wrote Mr. Kelleher stating: "My apologies, but I erroneously provided you the August 25, 2014, date for Mr. Grenz. Mr. Manchin intends to be present for Mr. Grenz's deposition and he is in legislative interims on August 25. Please let me know if any of the other proposed dates are acceptable." Twenty-two (22) minutes later, Mr. Kelleher responded stating: "The dates are well past our disclosure deadline. The rules permit us to take his deposition so that we can respond appropriately. As a practical matter the 25th is pretty close to our end point. If that doesn't work for Tim, lets try the week prior." On Tuesday, August 12, 2014 at 4:34 pm Mr. Kelleher wrote Mr. McCoy asking where things stood. On Wednesday, August 13, 2014 at 9:30 am, Mr. McCoy wrote Mr. Kelleher a lengthy email the import of which for these purposes was that they were unable to do a deposition of Mr. Grenz during the week of August 18-22, no reason stated, and could not do it on August 25th for the reason previously given. Mr. Grenz could be made available on September 15 or 18, 2014, and September 29-October 3, 2014. Based on the representations of counsel at the hearing, it is undisputed that Mr. Manchin, Plaintiff's lead counsel, is a state legislator and legitimately has duties of that publicly elected office that require his attendance at interim legislative meetings in the Bridgeport West Virginia during August 25-27.

The Court concludes this is simply a matter of timing of the deposition of Plaintiff's expert. No evidence has been presented which suggests more than the attorneys and the expert could not get their schedules to allow a deposition of Mr. Grenz when Defendants wanted it. From the parties' representations during the hearing, the Court concludes that both Mr. Grenz and Mr. Manchin are available on the afternoon of Friday, August 29, 2014. Accordingly, using the broad discretion given under Fed. R. Civ. P. 26, the Court schedules Mr. Grenz's deposition to occur on **Friday, August 29, 2014, to begin at 1:00 p.m.** Counsel for the parties are directed to work together to determine

where Mr. Grenz's deposition will occur.

### IV.  Conclusion and Order

For the foregoing reasons, Defendant's "Motion to Compel Deposition of Plaintiff's Expert, Mr. Grenz" (Docket No. 49) is **DENIED**. However, the deposition of Mr. Grenz is scheduled to occur on **Friday, August 29, 2014, beginning at 1:00 p.m.**

Filing objections does not stay this Order. Any party may, within fourteen (14) days after being served with a copy of this Order file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge.

It is so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order/Opinion to counsel of record and to remove Docket No. 49 from the motions actively pending before this Court.

DATED: August 22, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE