IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MITCHELL SMITH,**

    **Plaintiff,**

v.                                        **Civil Action No. 1:13-cv-266**
                                             **The Honorable Irene M. Keeley**

**VALMET, INC.,** *d/b/a* **METSO POWER,**
**a Delaware corporation,** *formerly known as*
**METSO PAPER USA, INC.,**

    **Defendant.**

## ORDER/OPINION

This matter is before the Court pursuant to Plaintiff's "Motion for Protective Order," filed on September 12, 2014. (Docket No. 80.) Defendant filed its response on September 25, 2014. (Docket No. 83.) The motion was referred to the undersigned by United States District Judge Irene M. Keeley on August 15, 2014. (Docket No. 52.) On October 2, 2014, counsel for the parties appeared before the undersigned via telephone for a hearing on Plaintiff's motion.

### I.    Relevant Procedural History

On November 18, 2013, Plaintiff filed a Complaint against Defendants in the Circuit Court of Marion County, West Virginia, alleging a claim of deliberate intent pursuant to W. Va. Code § 23-4-2(d)(2)(i) & (ii), after he suffered injury as an employee of Defendant Metso Paper. (Docket No. 1-1.) The matter was removed to this Court by Defendants on December 20, 2013. (Docket No. 1.) On December 27, 2013, Defendants filed a motion to dismiss and memorandum in support. (Docket Nos. 4 and 5.) On January 10, 2014, Plaintiff filed an Amended Complaint (Docket No. 8) as well as a response to Defendants' motion to dismiss (Docket No. 10). Plaintiff also filed a notice of voluntary dismissal of Defendants Hanns Von Schmidt, Claude Satterfield, and Daniel Mayfield.

(Docket No. 9.) On January 17, 2014, Judge Keeley denied the motion to dismiss as moot given the filing of the Amended Complaint and the dismissal of the individual Defendants. (Docket No. 13.) On January 24, 2014, Defendant filed a motion to dismiss the amended complaint (Docket No. 15), to which Plaintiff responded on February 7, 2014 (Docket No. 21). Judge Keeley denied the motion to dismiss the amended complaint on April 10, 2014. (Docket No. 26.) On August 28, 2014, the parties filed an agreed motion to amend the docket to reflect Defendant's name change to Valmet, Inc. (Docket No. 69.) On September 2, 2014, Judge Keeley entered an agreed order granting the agreed motion to amend. (Docket No. 71.)

Having failed in "good faith negotiations" regarding a protective order, Plaintiff filed the instant motion.

## II. Contentions

In his motion, Plaintiff requests that the Court 'enter an appropriate Protective Order in this matter specifying terms for the disclosure or discovery relating to Plaintiff's protected health information including medical records and information and medical billing records and information." (Docket No. 80 at 1.) Specifically, Plaintiff asks that the "Court find that the Plaintiff's medical records are inherently private, that the Court further find that 'good cause' exists under Rule 26(c) to enter a Protective Order, and that the Court enter the Protective Order attacked hereto as *Exhibit 1*." (Id. at 4.)

Defendant opposes Plaintiff's motion for the following reasons:

1. Plaintiff's proposal for retroactive application of the protective order is unreasonable;

2. Plaintiff's proposed protective order is ambiguous imposing unfair risks on recipients of protected materials;

3. Plaintiff's proposed protective order should apply to all parties equally; and

4. Plaintiff's proposed order is overbroad as it targets insurance companies when no insurer is involved in the action.

(Docket No. 83 at 1-5.)

### III. Analysis

Under Fed. R. Civ. P. 26(c)(1)(B), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . specifying terms, including time and place, for the disclosure or discovery." The party moving for a protective order bears the burden of establishing good cause. Ayers v. Cont'l Cas. Co., 240 F.R.D. 216, 221 (N.D. W. Va. 2007); see also Minter v. Wells Fargo Bank, N.A., 258 F.R.D. 118, 124 (D. Md. 2009). In so doing, the moving party "may not rely upon 'stereotyped and conclusory statements.'" Baron Fin. Corp. v. Natanzon, 240 F.R.D. 200, 202 (D. Md. 2006) (quoting 8A Charles Alan Wright et al., Fed Prac. & Proc. Civ. § 2035 (2d ed. 1994)). Instead, the movant "must present a 'particular and specific demonstration of fact' as to why a protective order should issue. Id. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.'" Id. (quoting Merit Indus., Inc. v. Feuer, 201 F.R.D. 382, 384-85 (E.D. P:a. 2001); see also Medlin v. Andrew, 113 F.R.D. 650, 653 (M.D.N.C. 1987). Therefore, "the standard for issuance of a protective order is high." Minter, 258 F.R.D. at 125; see also Natanzon, 240 F.R.D. at 202 (noting that Rule 26(c)'s requirement of good cause "creates a rather high hurder" for the moving party).

Based upon the parties' representations at the October 2, 2014, hearing, the Court makes the following findings:

1.  Medical records are generally and inherently subject to protection in both the State of West Virginia and the Northern District of West Virginia.

2.  That right of protection belongs to the individual patient whose records are at issue.

3.  Filing a lawsuit does not make medical records open to anyone beyond the litigants, their insurers, if any, and their experts without being subject to a protective order.

4.  In this matter, any of Plaintiff's medical records that were disclosed prior to September 12, 2014, shall not be subject to any protective order, as Plaintiff's counsel did not seek such an order prior to their disclosure.

5.  All of Plaintiff's medical records that have been or will be disclosed after September 12, 2014, shall be subject to a protective order consistent with State ex rel State Farm Mut. Ins. Co. v. Bedell, 228 W. Va. 252, 719 S.E.2d 722 (2011).

6.  Plaintiff's counsel shall mark all future disclosed medical, medical related and medical billing records with "Confidential–Medical Record" on the upper right hand corner of each page for each record to be subject to the protective order.

7.  The protective order shall contain no mutuality clause. The Court finds that Plaintiff's counsel, as part of his fiduciary relationship to his client, has a duty to take action to protect disclosure of Plaintiff's records by his experts in absence of a protective order. The Defendants do not have such a duty in the absence of a protective order.

8.  Plaintiff's prior conduct of not seeking a protective order does not waive his right to seek a protective order relative to records disclosed in the future.

### IV. Conclusion and Order

For the foregoing reasons, Plaintiff's "Motion for Protective Order" (Docket No. 80) is **GRANTED IN PART** to the extent that it requests entry of a protective order specifying terms for disclosure or discovery relating to Plaintiff's protected health information. Plaintiff's motion is **DENIED IN PART** to the extent it requests that the Court enter the proposed protective order

4

attached to Plaintiff's motion as Exhibit 1.  Within **ten (10) days** from entry of this Order, the parties are **DIRECTED** to provide the Court, for the Court's signature, a protective order in accord with the findings set forth above.

It is so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order to counsel of record and to remove Docket No. 80 from the list of motions actively pending before this Court.

DATED: October 2, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE